IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| SOHAIL ISSA, | ] | |
| | ] | |
| Petitioner, | ] | |
| | ] | |
| vs. | ] | 4:11-cv-0265-RDP-RRA |
| | ] | |
| ERIC HOLDER, et al., | ] | |
| | ] | |
| Respondents. | ] | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On December 21, 2010, the petitioner, Sohail Issa, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the Middle District of Georgia. At the time he filed the petition, Issa was incarcerated at the Stewart Detention Facility in Lumpkin, Georgia.

By order entered December 21, 2010, the respondents were ordered to file a response to the petition by February 22, 2010. On January 13, 2011, respondent Warden Michael Swinton filed a motion to be dismissed from the action.

On January 19, 2011, the United States Magistrate Judge Stephen Hyles transferred the case to this court, with the following order:

> Petitioner, who was an inmate at the Stewart County Detention Center in Lumpkin, Georgia, filed a petition for habeas corpus relief in this Court on December 21, 2010. However, it now appears from the record that Petitioner has been transferred to the Etowah County Jail in Gadsden, Alabama, which is located outside of the territorial jurisdiction of the United States District Court for the Middle District of Georgia.
>
> A habeas action is required to be brought in the jurisdiction in which the petitioner is incarcerated. *See Fernandez v. United States*, 941 F. 2d 1488, 1495 (11th Cir. 1991); *United States v. Rodriguez*, 94 F.3d 657 (10th Cir. 1996);

*Wright v. United States Board of Parole*, 557 F. 2d 74, 76-77 (6th Cir. 1977). By his own admission, Petitioner is currently confined in Gadsden, Alabama, which is located in the Northern District of Alabama, Middle Division. (Pl.'s Notice of Change of Address, ECF No. 7.)

Accordingly, it is HEREBY ORDERED that this action be transferred to the appropriate district court. *See* 28 U.S.C. § 1406(a).

*Order of Transfer*, Court Document 14.

There are two federal transfer statutes. Title 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division **where it might have been brought**." (emphasis added). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division **in which it could have been brought**." (emphasis added).

In *Hoffman v. Blaski*, 363 U.S. 335 (1960), the Supreme Court considered the phrase "where it might have been brought" contained in § 1404(a). FN2.

> FN2. A review of the relevant case law indicates no substantive difference between the "might have been brought" language in § 1404(a) and the "could have been brought" language in § 1406(a).

In *Hoffman*, the petitioners argued that such phrase "should be held to relate not only to the time of the bringing of the action, but also to the time of the transfer." *Id*. at 343. However, the Supreme Court rejected that argument and held that a "petitioner's right to bring the action in the transferee court is tested as of the time the action was commenced in the transferor court, not as of the time of the transfer." *Id* . at 342-44. Accordingly, the Supreme Court determined that a forum which would have been improper for jurisdiction, venue and service of process at the time the petition is filed is not a forum where the action "might have been brought," and thus is not a proper transferee court. *Id.*; *see also Harris v. Garner*, 216 F.3d 970, 973 (11th Cir. 2000) (finding that the term "brought" refers to the initiation of a lawsuit).

2

> In a case most similar to the procedural history in the instant case, the Middle District of Pennsylvania transferred a § 2241 petition to the Eastern District of Virginia when the petitioner was subsequently transferred from a federal facility in Pennsylvania to a federal correctional institution located in the Eastern District of Virginia. *Bashir v. United States Attorney General*, 508 F. Supp. 1108, 1109 (E.D. Va. 1981). The Eastern District of Virginia immediately transferred the action back to Pennsylvania because it found that it "lacked jurisdiction at the time suit was initiated." *Id*. at 1109-12.
>
> The Virginia district court reasoned that because neither the petitioner nor any of the respondents were located in Virginia at the time the petition was filed, the Eastern District of Virginia was not a federal court in which the action "could have been brought." *Id*. at 1111 (referencing language in 28 U.S.C. § 1404(a)). The court further noted that a fundamental requirement to a transfer is a finding that the petitioner had the unqualified right to bring the action in the transferee court at the time the lawsuit was commenced. *Id.*

*Jeffus v. Drew*, Civil Action No. 1:07-CV-180-RLV, 2007 WL 809687 *2 (N.D. Ga. March 13, 2007).

In *Jeffus v. Drew*, the petitioner filed a § 2241 petition in this court. At the time he filed the petition, Jeffus was incarcerated at the Federal Correctional Institution in Talladega, Alabama. Jeffus named the warden of FCI Talladega as the respondent in the case. While his case was pending, Jeffus was transferred to the Federal Correctional Institution in Jesup, Georgia. At that point, the respondent filed a motion to have the case dismissed or transferred to the United States District Court for the Northern District of Georgia because this court no longer had jurisdiction to afford habeas corpus relief. Subsequently, this court transferred the case to the Northern District of Georgia because the petitioner was incarcerated there.

Shortly thereafter, the United States District Court for the Northern District of Georgia transferred the case back to this court, stating as follows:

> In the instant case, the Court finds that Petitioner was incarcerated at the FCI Talladega in Talladega, Alabama, at the time that he filed his petition in the Northern District of Alabama. Petitioner named the Warden of the FCI

3

> Talladega as the Respondent in this action. Petitioner, therefore, could not have brought this action in this Court because it lacked jurisdiction over the parties at the time the action was filed. *See Hoffman*, 363 U.S. at 342-43; *Harris*, 216 F.3d at 973; *Bashir*, 508 F. Supp. at 1109-12. Accordingly, any transfer of this action to this Court was improper.
>
> When a transferee court concludes that a transfer was improper, the appropriate course of action in the context of a § 1404(a) transfer is to transfer the case back to the transferor court. *See Hoffman*, 363 U.S. at 340; *United Sates v. Copley*, 25 F.3d 660, 662 (8th Cir. 1994); *Bashir*, 508 F. Supp. at 1113. This Court regrets the inconvenience to the parties that have resulted from the multiple transfers entered in this case. The Northern District of Alabama's ruling would have placed Petitioner in the undesirable position of having to litigate his claims anew every time officials render a decision to transfer him to another federal facility in a different district. *See Bashir*, 508 F. Supp. at 1112. At the time Petitioner filed the instant petition, however, the Northern District of Alabama had jurisdiction to entertain the merits of this petition and because this Court is not a proper transferee court, this Court should transfer this § 2241 petition back to the Northern District of Alabama. This Court is mindful that it should not interpret federal laws in a manner which would leave Petitioner without a forum to present his § 2241 claims. *See Bashir*, 508 F. Supp. at 1112. This ruling should ensure that Petitioner's case will not be transferred again solely upon the fact that Petitioner is transferred to other federal facilities during the pendency of this action.

*Id*. at *3.

In the current case, the petitioner was incarcerated at the Stewart Detention Facility in Lumpkin, Georgia, at the time he filed his petition in the Middle District of Georgia. Sohail named the warden of that facility, Michael Swinton, as a respondent in the action. Sohail could not have filed his petition in this court because it lacked jurisdiction over the parties at the time the action was filed.

The court notes that the transfer of the petitioner to a prison located outside of the Middle District of Georgia did not deprive the United States District Court for the Middle District of Georgia of jurisdiction over this case.

4

> [U]nder [*Ex parte*] *Endo*[, 323 U.S. 283], once § 2241 jurisdiction is established by the physical presence of the petitioner in the custody of a custodian in that district, jurisdiction is not lost simply due to the subsequent transfer of the prisoner elsewhere. *Rumsfeld* [*v. Padilla*, 542 U.S. 426] stands only for the straight-forward principal that, in instances involving physical incarceration, the § 2241 petition must be filed in the district in which the custodian of the petitioner is located. Once that happens, the court has and retains jurisdiction under *Endo*, even if the prisoner is later transferred.

District courts in the Eleventh Circuit have consistently read *Rumsfeld* in this fashion. As the Northern District of Florida explained in *Jian Bin Tang v. Gonzales*, 2006 WL 3628061, (N.D. Fla. Aug. 18, 2006):

> Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition. *Rumsfeld v. Padilla*, 542 U.S. 426, 439, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). However, *Padilla* does not alter the well-settled rule that if a district court properly acquires jurisdiction when the case was filed, then the petitioner's subsequent removal to another judicial district does not destroy the court's jurisdiction. 542 U.S. at 440, 124 S. Ct. at 2721, *relying on Ex parte Endo*, 323 U.S. 283, 306, 65 S. Ct. 208, 89 L. Ed. 243 (1944)(holding that despite the Japanese-American citizen's removal from the district court's territorial jurisdiction, a respondent who resided in the district could appropriately execute the writ). Indeed, the Supreme Court reiterated the simple and consistently applied rule that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Padilla*, 542 U.S. at 447, 124 S. Ct. at 2724. Thus, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Padilla*, 542 U.S. at 440-41, 124 S. Ct. at 2721, explaining *Endo*, *supra*. Jurisdiction attaches upon the initial filing of the § 2241 petition, and will not be destroyed by Petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. *See e.g.,*

5

> *Mujahid v. Daniels*, 413 F.3d 991, 994 (9th Cir. 2005), *quoting*
> *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990).

*Id*. at *1 (internal footnote omitted); *see also Hernandez Jaruffe v. Chertoff*, 2007 WL 2608580 (N.D. Fla., Sept. 6, 2007); *Alouidor v. Gonzales*, 2006 WL 2620264 (N.D. Fla., Sept. 11, 2006); *Elcock v. Streiff*, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008); *Felix v. Streiff*, 2008 WL 717651 (S.D. Ala., March 14, 2008). Courts in other circuits as well have read *Rumsfeld* in the same fashion, finding that *Endo* still states the rule that, once a court obtains jurisdiction by the filing of a § 2241 against a custodian within its jurisdiction, the subsequent transfer of the prisoner does not deprive the court of jurisdiction to issue the writ. *See Stokes v. U.S. Parole Commission*, 374 F.3d 1235, 1238-1239 (C.A.D.C. 2004) (*dicta*); *Allen v. Chertoff*, 2010 WL 743916, *1 (D.N.J.,March 4, 2010) (*citing Chavez-Rivas v. Olsen*, 194 F. Supp. 2d 368 (D.N.J. 2002), for the rule that "where an INS detainee properly files a habeas petition in the district where he is confined, and the INS subsequently transfers the petitioner to a facility outside that district, the United States Attorney General may be deemed a 'custodian' to allow the original district court to retain jurisdiction"). The greater weight of authority holds that *Rumsfeld* did not change the rule stated in *Endo*. The key distinction, therefore, is whether the petition was filed while the prisoner was in physical custody within the district. If so *Endo* allows the court to continue to exercise jurisdiction; if not, *Rumsfeld* holds that the court never obtains jurisdiction.

Indeed, the *Endo* rule is essential to any meaningful use of § 2241 to obtain *habeas* relief. This case itself is a demonstration of the reason why the original court obtaining jurisdiction must keep it. After the BOP transferred the petitioner to Alabama, it later transferred him again to Oakdale, Louisiana. (*See* Doc. 61). Under the reasoning of the Southern District of Illinois, this court also must transfer the case to the Western District of Louisiana. If every time the BOP transfers a federal prisoner the court in which the § 2241 petition is pending must also transfer the action, the government is given the means to prevent a prisoner's claims from ever being heard. By the simple expedient of transferring a prisoner within its custody, the BOP can strip the court of jurisdiction to grant relief. Certainly, this is not the result intended in *Rumsfeld*, as clearly indicated by its discussion of *Endo*.

*Mitchell v. U.S.P. Marion, IL*, 2:09-cv-1946-WMA-TMP, *Report and Recommendation of United States Magistrate Judge T. Michael Putnam*, filed July 27, 2010, Court Document 62 at 5-7.

Accordingly, because at the time Sohail filed his § 2241 petition, the Middle District of Georgia had jurisdiction to entertain the merits of his petition, and because this court is not a proper transferee court, since the action could not have been brought here, the magistrate judge RECOMMENDS that this action be TRANSFERRED BACK to the United States District Court for the Middle District of Georgia.

Any party may file specific written objections to this report within fifteen (15) days of the date it is filed in the office of the Clerk. Any objections filed must specifically identify the findings in the magistrate judge's recommendation to which the objections pertain. Frivolous, conclusive, or general objections will not be considered by the District Court. Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). A copy of the objections must be served upon all other parties to the action.

The Clerk is DIRECTED to serve a copy of this Report and Recommendation upon the petitioner and counsel for the respondents.

DONE this 8th day of February, 2011.

/s/ Robert R. Armstrong
Robert R. Armstrong, Jr.
United States Magistrate Judge