IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| SOHAIL ISSA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-19-CDL-MSH |
| | : | |
| ERIC HOLDER, FELICIA SKINNER, | : | 28 U.S.C. § 2241 |
| and MICHAEL SWINTON, | : | Habeas Corpus Petition |
| | : | |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

On December 21, 2010, Petitioner Issa, who was at that time incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (Pet'r's Compl., ECF No. 1.) On December 27, 2010, Petitioner filed a Notice of Change of Address, notifying the Court that he had been moved to the Etowah County Jail in Gadsden, Alabama. (ECF No. 7.) Thus, the Court transferred the case to the United States District Court for the Northern District of Alabama. (ECF No. 14.) Respondents filed a pre-answer Motion to Dismiss and a Memorandum in support of same. (ECF No. 21.) The District Court in Alabama thereafter ordered the case transferred back to this Court because Petitioner was incarcerated within the Middle District of Georgia at the time his petition was filed pursuant to *Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004). (ECF No. 24.) Petitioner filed his Response to the Motion to Dismiss on February 28, 2011. (ECF No. 26.) Also pending is Respondent Michael Swinton's Motion to Dismiss, which was filed on January 12, 2011, before the case was transferred. (ECF No. 10.) For the reasons set out below, both Motions to Dismiss

should be granted.

## PETITIONER'S CLAIMS

Petitioner Issa contends that he is being held in violation of 8 C.F.R. § 241 of the Immigration and Nationality Act which allows detention of an alien who is under an order of removal for a period not to exceed ninety (90) days. (Pet'r's Pet. 3.) Petitioner also claims that his Fifth Amendment rights have been violated pursuant to the holding in *Zadvydas v. Davis*, 533 U.S. 678 (2001) because he has been in custody for more than six months since the issuance of the final order of removal. (*Id.*) Petitioner, therefore, requests that his writ of habeas corpus be granted and that he be released. (*Id.*)

## FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Etowah County Jail in Gadsden, Alabama, but was being housed at the Stewart Detention Center in Lumpkin, Georgia, when his petition was filed. (ECF Nos. 1, 7).

2. On July 14, 1999, Petitioner was admitted to the United States as a non-immigrant visitor with a classification of B-2. (Resp't's Mot. to Dismiss 22, Ex. 1; ECF No. 21.) Petitioner's visa authorized him to remain in the United States for no longer than six months. (*Id.*)

3. On July 12, 2004, Petitioner applied for an Employment Authorization which was granted on September 20, 2004. (*Id.*)

4. On August 15, 2005, Petitioner applied for and was issued a Permanent Resident Card. (*Id.*)

5. On October 26, 2006, Petitioner was convicted of Distribution of Pseudoephedrine in violation of 21 U.S.C. ▪ 841(c)(2), in the United States District Court, Southern District of Alabama, and sentenced to 54 months incarceration to be followed by 24 months on supervised release. (*Id.*; *United States v. Issa, et al.,* 2:05-cr-538.)

2

6. On April 23, 2010, Petitioner was served with a Notice to Appear by the Immigration and Customs Enforcement agency ("ICE"). The NTA notified Petitioner he was removable pursuant to INA §§ 237(a)(2)(A)(ii). (*Id.*).

7. On June 17, 2010, a final removal order was issued against Petitioner ordering that he be removed to his native Pakistan. (*Id.*)

8. On July 1, 2010, the Pakistani Embassy was contacted in order to obtain travel documents for Petitioner. Then, on October 19, 2010, Petitioner was interviewed by the Pakistan Embassy who said more research was needed for verification of his identity. (*Id.*)

9. On December 19, 2010, Petitioner was transferred from the Stewart County Detention Center to the Etowah County Detention Center in Gadsden, Alabama. (*Id.*) While incarcerated, Petitioner was served with a 90-day Post Order Custody Review and a 180-day Post Order Custody Review for continued detention. (*Id.*, Exs. 2, 3.)

10. On December 21, 2010, Petitioner filed the current petition for Writ of Habeas Corpus. (ECF No. 1).

11. As of January 25, 2011, verification of citizenship from the Pakistani Embassy has not been received or verified. (*Id.*)

## DISCUSSION

### I. Standard on Motion to Dismiss

When considering a 12(b)(6) motion to dismiss, the Court must accept as true all facts set forth in the plaintiff's complaint and limit its consideration to the pleadings and exhibits attached thereto. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937,

1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  "[A] formulaic recitation of the elements of a cause of action will not do[.]" *Id.*  Although the complaint must contain factual allegations that "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims, *id*. at 556, "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly,* 550 U.S. at 556).

## II.    Respondents Eric Holder and Felicia Skinner's Motion to Dismiss

Petitioner's detention by the INS pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a).  Under this provision, the Attorney General is afforded a ninety-day period to accomplish an alien's removal from the United States following the entry of a final order of deportation or removal, or, if the alien is confined, the date the alien is released from confinement.[1]  *See* INA § 241(a)(1)(A)-(B); 8 U.S.C. § 1231(a)(1)(A)-(B).  During the 90-day period, Congress has mandated detention of the alien ordered removed.  *See* INA § 241(a)(2), 8 U.S.C. § 1231(a)(2).  Additionally, the Attorney General may continue to

---

[1] 8 U.S.C. § 1231(a)(1)(B) provides:
　　The removal period begins on the latest of the following:
　　(i) The date the order of removal becomes administratively final.
　　(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
　　(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

detain an alien after the expiration of the ninety-day removal period. 8 U.S.C. §
1231(a)(6). In *Zadvydas v. Davis*, 533 U.S. 678, 699-700 (2001), the Supreme Court
found that section 241(a) of the INA authorizes detention after entry of an
administratively final order of deportation/removal for a period "reasonably necessary" to
accomplish the alien's removal from the United States. The Court recognized six months
as a presumptively reasonable period of time to allow the government to accomplish an
alien's removal. *Id*. at 701.

The six month presumption does not mean that every detainee not removed within
the time period must be released. To the contrary, a detainee may be held in confinement
until it has been determined that there is no significant likelihood of removal in the
reasonable foreseeable future. *Zadvydas*, 533 U.S. at 701. The Court of Appeals for the
Eleventh Circuit has specifically held that to be released pursuant to the ruling in
*Zadvydas*, an alien must show: "(1) that the six-month period, which commences at the
beginning of the statutory removal period, has expired when the § 2241 petition is filed;
and (2) 'evidence of a good reason to believe that there is no significant likelihood of
removal in the reasonably foreseeable future.'" *Gozo v. Napolitano*, 309 F. App'x 344,
346 (11th Cir. 2009); *citing Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-52 (11th
Cir.2002) (per curiam).

In this case, as noted above, Petitioner was taken into custody by ICE on May 11, 2010. Thereafter, on June 17, 2010, Petitioner became subject to deportation pursuant to the Order of Removal issued by the Immigration Judge. Thus, Petitioner had properly allowed the six-month presumptive period to expire when his § 2241 petition was filed on December 21, 2010.

However, nowhere in his Petition or his Response to the Respondents' Motion to Dismiss does Petitioner establish that there is no significant likelihood of his removal in the reasonable foreseeable future pursuant to *Zadvydas*. The record contains evidence that the Government has repeatedly sought to obtain travel documents from Pakistan in order to effectuate Petitioner's removal. (Resp't's Mot. to Dismiss, Exs. 1-3.) Petitioner argues that the failure of the Government to secure his travel documents to date meets his burden of showing that no likelihood of removal in the reasonably foreseeable future exists. (Pet'r's Response 3.) The Court disagrees.

Petitioner has presented no evidence that the government of Pakistan has, or will, refuse(d) to issue his travel documents. The Government is merely waiting on the Embassy to issue the documents so that Petitioner may be removed. As such, Respondents' Motion to Dismiss should be granted. Petitioner, of course, remains free to file a new § 2241 petition should he believe, in light of any changed circumstances or new evidence, that his removal is not likely in the reasonably foreseeable future.

### III. Respondent Swinton's Motion to Dismiss

Respondent Michael Swinton, the warden of the Stewart County Detention Center, has also filed a Motion to Dismiss, seeking dismissal of the claims against him because

he is not the proper Respondent. (Resp't Swinton's Mot. to Dismiss 2, ECF. No. 10.) The proper respondent in habeas corpus cases is the petitioner's warden or immediate custodian. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Because ICE has detained Petitioner pending his removal, ICE Field Officer Felicia Skinner is Petitioner's immediate custodian. Thus, she is the proper Respondent in this case. As such, it is recommended that Michael Swinton's Motion to Dismiss be granted and that he be dismissed from this action.

For the reasons stated

WHEREFORE, IT IS RECOMMENDED that Respondents' Motions to Dismiss be GRANTED. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 11th day of April, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE